# EX PARTE JOSÉ JUDICE SUSONI.

San Juan, No. 10.

APPLICATION FOR OATH OF ALLEGIANCE.

Naturalization—Ability to Speak English—Translation of Application.

 1. Congress having admitted to American citizenship by the Porto Rican Organic Act of March 2, 1917, a million or more people, without requiring them to be able to speak English, an applicant under § 5 of the said act need not express this requirement in his application. The applicant will be required, however, to furnish a certificate from the official translator of the court, showing that the application has been translated into Spanish and read to him, as the signing by the applicant of a paper written in English would be a pure formality.

Naturalization—Petition—Birth Certificate—Fees of Translator.

 2. As the translation of petitions is not covered by the salary of the interpreter of the court, he will be allowed a fee of 50 cents for the translation thereof and his certificate. Where a translation of a birth certificate is necessary he will be allowed a total fee of $1, this to cover interpreting the petition.

Opinion filed April 9, 1917.

*Mr. Martinez* for applicant.

HAMILTON, Judge, delivered the following opinion:

1. Application is made under § 5 of the Porto Rican Organic Act approved March 2, 1917, by petitioner to make a sworn declaration of allegiance to the United States. It has already been

decided by this court that this act will be construed in pari ma-
teria with the General Naturalization Law, and that the same
general requirements will be exacted in the one case as the other,
except so far as directly changed in the Act of March 2 in ques-
tion. The point now comes up as to speaking the English lan-
guage. The petitioner admits that he is not able to speak Eng-
lish, as provided in the printed blank for naturalization. Is this
material?

Ordinarily it would be material, but the effect of other pro-
visions of the Act of March 2, 1917, is to admit a million people
or more to American citizenship without requiring them to speak
English, and in point of fact in the vast majority of cases they
are utterly unable to speak or understand the English language.
Congress having, as it had the power, adopted this policy to-
wards the people living in Porto Rico, it would not be according
to the ordinary rules of constructions of statutes to place a more
limited interpretation upon § 5, the more particularly as the pro-
visions of the Naturalization Law have been adopted by this
court, on applications under § 5, more as a matter of inference
than as resulting from express legislation. Understanding Eng-
lish, therefore, need not be expressed in the petition.

It would, however, lead to making the application a pure for-
mality if the petitioner is required to sign a paper written in
English without more. It seems, therefore, proper to require at
the end of the petition a certificate by the official interpreter of
the court that the paper has been translated into Spanish, and so
read to the petitioner.

2. It seems that naturalization is divided into steps, and fees
are fixed accordingly. By analogy, taking the oath of allegiance
under § 5 covers steps involving an expense of $2. As the peti-

tion is to be translated for the petitioner before coming into court, this is not an expense covered by the salary of the interpreter, and he should have and is allowed a fee of 50 cents for so doing and certifying at the bottom of the petition. Birth certificates are frequently filed with the petition, and under the practice of this court they also should be translated and a copy of the translation filed. Where this is necessary, the interpreter is authorized to make a total charge of $1, this to include interpreting the petition. A rule of court will be entered accordingly.

It is so ordered.